Elisha K. Perkins & another *vs.* John H. Nichols & another.

*If no replication is filed by a plaintiff in equity, but the cause is set down for a hearing on the bill and answer, all the facts stated in the answer are to be taken as true, whether re-sponsive to the averments of the bill or not.*

*If a conveyance of land is taken in the name of one who is but a nominal purchaser, and the purchase money comes from a married woman as agent of her husband, and the gran-tee named in the deed delivers to her a receipt for the money and a written promise to convey to her the estate on demand, and the estate is always treated by the parties as be-longing to the husband, the grantee will hold the same in trust for the husband, and the facts creating such trust may be proved by parol evidence, and the grantee may discharge his trust after the husband has died intestate, by conveying the estate to his heirs at law. And the heirs of the wife, after her death, cannot maintain a bill in equity to compel a conveyance to them. And it is immaterial that one object of taking the conveyance in that form was to shield the estate from attachment by creditors of the husband.*

Bill in equity brought by two of the heirs at law of Sarah F. Gardner, late of Salem, widow, deceased, setting forth that she died in 1863; that in 1846 John A. Nichols, being seised of a parcel of land in Salem, (which was described in a manner deemed insufficient by the defendants, though this became im-material by the decision,) entered into the following agreement with Mrs. Gardner: " Salem, Feb. 2, 1846. Received of Mrs. Sarah F. Gardner forty-nine $\frac{60}{100}$ dollars, amount of bill of lum-ber bought by her husband at auction ; also four hundred and fifty dollars in full for lot of land on Endicott Street in Salem, the deed of which I promise to furnish to her order on demand. John H. Nichols." The bill further set forth that no such deed from Nichols to her could be found among her papers or on rec-ord, and that Nichols has refused to execute such a deed to the plaintiffs as her heirs at law, but in May 1864 conveyed all his interest in the premises to Elizabeth B. Putnam, a daughter of Mrs. Gardner by her second husband, Samuel Gardner. The

prayer was that said Nichols and Elizabeth B. Putnam, who were made the defendants, might answer certain interrogatories annexed to the bill; that the conveyance by him to her might be reformed or cancelled; that Nichols might be decreed specifically to perform his agreement above copied; and for other relief.

The defendants filed several answers. Nichols answered, amongst other things, that the premises were sold by him in 1846 as broker or auctioneer, and the money for the same was handed to him by Mrs. Gardner, and he gave her the receipt copied above, and took a conveyance to himself, and that, knowing that the estate was treated by Mrs. Gardner and her husband as belonging to the latter during their respective lifetimes, and believing it to be the property of the husband, and that it belonged to his estate after his death, he executed the deed to Elizabeth B. Putnam as sole heir of her father. He further stated, in reply to a specific inquiry by the plaintiffs, that he was inclined to think that Samuel Gardner was not insolvent in 1846, but that he had assumed certain liabilities by indorsement or otherwise, and was consequently somewhat careful about taking conveyances in his own name.

Elizabeth B. Putnam answered, amongst other things, that she was informed and believed and was ready to prove that when her mother received the paper in question from Nichols she was acting as agent of said Samuel Gardner; that the lot of land was purchased for him, and with money furnished to her by him; that it belonged to him and was always treated by him and his wife as his, she at no time during her life making any claim to the same; and that he was in possession of the same until his death in 1859, and built a dwelling-house and made other improvements thereon.

The case was set down for a hearing on the bill and answers, and was reserved by *Hoar,* J. for the determination of the whole court.

*D. Roberts,* for the plaintiff. All defensive allegations, not responsive to the bill, are treated as immaterial. Were it otherwise, what Mrs. Putnam "is ready to prove" is incompetent,

as its only effect would be to contradict the written contract of Nichols. The theory of the defence is based on an old fraud, under which Samuel Gardner, if living, could not protect himself. No man can take advantage of his own wrong. Nor is parol proof competent to establish such a fraud. The deed of Nichols to Mrs. Putnam does not improve the case for the defence. It was merely a voluntary conveyance, given apparently if not actually in derogation of the rights of others. The averment that Mrs. Gardner was her husband's agent cannot be established by evidence *aliunde. Stackpole* v. *Arnold*, 11 Mass. 27. *Fenly* v. *Stewart*, 5 Sandf. R. 105. *Colburn* v. *Phillips*, 13 Gray, 64. Fry on Specif. Perf. 122.

*J. A. Gillis*, for the defendants, cited *Livermore* v. *Aldrich*, 5 Cush. 431; *Page* v. *Page*, 8 N. H. 187; *Pritchard* v. *Brown*, 4 N. H. 397; *Scoley* v. *Blanchard*, 3 N. H. 170.

COLT, J. This case comes before us for a hearing upon the bill and answer alone. The general rule in equity, that the answers of the defendants, so far as they are responsive to the bill, are evidence in their favor, and must prevail unless controlled by opposing proof, is not controverted. A distinction is made and relied on by the plaintiffs between those allegations which are responsive and those which are mere defensive allegations in the nature of pleadings. It is not always easy to draw the line between them. In this case it is not necessary to decide whether the facts stated in the answer are strictly responsive or not. When no replication is filed by the plaintiff, no issue made upon the truth of the defendant's allegations, but the cause is set down for hearing on the bill and answer, then the answer is to be considered as true throughout, in all its allegations, whether responsive or not; otherwise the defendant would be precluded from proving the allegations which are only defensive. *Buttrick* v. *Holden*, 13 Met. 356. *Brinckerhoff* v. *Brown*, 7 Johns. Ch. 217 2 Dan. Ch. Pr. 840, *note*, 998.

The inquiry then is, whether upon this case as presented an equity is raised requiring the court to decree a conveyance to the heirs of Sarah F. Gardner of the real estate named in the receipt of the defendant Nichols, dated February 2d 1846.

Whenever an estate has been purchased in the name of one person and the purchase money has proceeded from another, a resulting trust arises in favor of the party paying for the property, and the nominal purchaser is held in equity as a mere trustee, upon the presumption that the party paying for the estate intended it for his own benefit. This presumption does not arise in a few excepted cases, where from the relation of the parties the payment may be supposed to be a gift to the nominal purchaser; as, for instance, where the purchase money is paid by the husband and the conveyance is to the wife; but even then the trust may be established by proof that the husband did not intend to give to the wife the beneficial interest in the estate. *Whitten* v. *Whitten*, 3 Cush. 191. The presumption arising from the bare payment of the consideration may in all cases be controlled and rebutted by other evidence showing that the party making the payment did not intend to become the equitable owner of the estate; but ordinarily, in the absence of such proof, the presumption stands, and courts of equity will enforce the trust in favor of the real purchaser, and decree a conveyance to him. *Mc Gowan* v. *Mc Gowan*, 14 Gray, 119. *Buck* v. *Warren*, Ib. 122, *note*.

The defendants in this case allege and offer to prove that at the time the defendant Nichols received the conveyance of the estate he was but a nominal purchaser; that the money paid for it was furnished by Samuel Gardner; that, though the money was handed to him by Mrs. Gardner, and the writing of February 2d 1846 given to her, yet she was in that transaction acting as the agent of her husband; that the land was purchased for him, and belonged to and was always treated by him and his wife as his property, and not the wife's, and that she at no time during her life made any claim to the same. Taking these allegations to be true, and applying the doctrine in equity above stated, it is plain that if the deed had been given to Mrs. Gardner at the time of the sale, she would have held as trustee for Samuel Gardner and his heirs; and it follows that the defendant Nichols, who took the conveyance to himself, held under the same resulting trust in favor of Samuel Gardner and his

conveyance to the defendant Mrs. Putnam, as heir to Gardner, was a proper discharge of the trust. Nor is it any objection that the facts upon which this trust is to be established must be made out by parol evidence, even though the recital in the deed that the consideration was paid by the nominal purchaser is thereby contradicted. The facts being proved by any competent evidence, written, verbal or circumstantial, the trust follows by implication of law. Gen. Sts. *c.* 100, § 19. *Livermore* v. *Aldrich,* 5 Cush. 431. *Peabody* v. *Tarbell,* 2 Cush. 226. Browne on St. of Frauds, § 92.

Upon the whole case, no equity is shown to compel a specific performance of the writing signed by Nichols, or the cancellation of the deed from him to Mrs. Putnam. And reaching this result, it is unnecessary to consider the objection taken by the defendants, that there is no sufficient description of the boundaries of the estate upon which to found a decree.

*Bill dismissed, with costs.*